**Patricia Camarillo GARCIA; et al., Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–70889.

United States Court of Appeals, Ninth Circuit.

Submitted March 15, 2004.*

Decided March 24, 2004.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Patricia Camarillo Garcia, Los Angeles, CA, pro se.

Apolonio Carcia–Munoz, Los Angeles, CA, pro se.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Norah Ascoli Schwarz, Esq., Ann Carroll Varnon, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: B. FLETCHER, WARDLAW, and CLIFTON, Circuit Judges.

MEMORANDUM **

Patricia Camarillo Garcia and her husband Apolonio Garcia Munoz, natives and citizens of Mexico, petition pro se for review of orders of the Board of Immigration Appeals ("BIA") summarily affirming an immigration judge's ("IJ") decision denying their applications for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review factual findings for substantial evidence. *Andriasian v. INS*, 180 F.3d 1033, 1040 (9th Cir.1999). We deny the petition in part, grant it in part, and remand for further proceedings consistent with this disposition.

Petitioners' contention that the BIA's summary affirmance procedure was inconsistent with due process is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 848–49 (9th Cir.2003).

■ Petitioners' contention that the Nicaraguan Adjustment and Central American Relief Act favors certain aliens over others and therefore violates equal protection similarly fails because the Act "easily satisfies the rational basis test." *Jimenez–Angeles v. Ashcroft*, 291 F.3d 594, 603 (9th Cir.2002).

■ The IJ's finding that Petitioners had not demonstrated the continuous physical presence requirement, however, was not supported by substantial evidence. Patricia Garcia testified that she entered the United States together with Apolonio Munoz on February 24, 1987; the IJ made no finding that her testimony was not credible. Apolonio Munoz testified that he entered the United States on February 24, 1987, and had never left the United States after that date, and the IJ's rejection of his testimony on credibility grounds was based on conjecture rather than "a clear and direct explanation of persuasive reasons for such rejection." *Vera–Villegas v. INS*, 330 F.3d 1222, 1225, 1230–31 (9th Cir.2003) (also holding that "the time element of an alien's residency ... may be shown by credible direct testimony."). Similarly, the IJ's finding that the Petitioners had not demonstrated good moral character is not supported by substantial evidence because both Petitioners testified credibly that they, individually, had never been arrested or convicted of a crime, and their responses to questions on the cancellation of removal application forms indicated good moral character. *See id.* (all elements in immigration hearings may be shown by credible direct testimony or written declarations).

Accordingly, we grant the petition to the extent it challenges the IJ's findings regarding continuous physical presence in the United States and good moral character, and vacate the IJ's decision. We remand for a new hearing to determine

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

whether petitioners are otherwise eligible for cancellation of removal.

Petitioners' remaining contentions are without merit.

**PETITION FOR REVIEW DENIED in part, GRANTED in part, and RE-MANDED.**